IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01209-WJM-CBS

JESSE FULLER, JR.,
    Plaintiff,
v.

REGS, LLC a/k/a Resource Environmental Group Services, Ltd.; and
CAESAR RIOS, individually,
    Defendants.

___

ORDER

___

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Jesse Fuller, Jr.'s ("Mr. Fuller") "Motion for Leave to Amend Complaint" (filed November 22, 2010) (Doc. # 20). Pursuant to the memorandum entered on November 22, 2010 (Doc. # 21), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, REGS, LLC's ("REGS") Response (filed January 4, 2011) (Doc. # 36), Mr. Fuller's Reply (filed January 18, 2011) (Doc. # 40), the exhibits, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    This civil action arises from Mr. Fuller's employment with REGS. Mr. Fuller, an African-American, claims he was forced to endure racist conduct during his employment at REGS beginning in or about November 2008. (Complaint, ¶ 10 (Doc. # 1)). He further claims he sought protection from management, but none was provided. (Doc. # 1, ¶ 11). On January 31, 2009, Mr. Fuller sustained a cut to his face, filed a worker's

1

compensation claim, and was placed on light duty until February 9, 2009. (Doc. # 1, ¶¶ 13-14). On February 13, 2009, Mr. Thibodeau, one of Mr. Fuller's supervisors, allegedly informed him that he was being terminated because REGS was concerned about his health and because he was too old to perform his job duties. (Doc. # 1, ¶ 17). Mr. Fuller filed his Complaint on May 25, 2010, alleging, *inter alia*, wrongful termination, intentional infliction of emotional distress, negligent supervision, and retaliation under Title VII of the Civil Rights Act of 1964. (Doc. # 1, pp. 4-11). Mr. Fuller named as the only Defendants, REGS and his supervisor, Caesar Rios. (Doc. # 1).[1]

REGS filed its Answer on August 6, 2010, admitting that Mr. Fuller was an employee of REGS and Mr. Rios was his supervisor at various times. (Answer, ¶ 6 (Doc. # 6)). REGS asserts any employment actions taken by REGS were just and proper exercises of management discretion, made in good faith, and based on legitimate, non-discriminatory and non-retaliatory business reasons. (Doc. # 6, p. 10). Mr. Fuller seeks to amend his Complaint to add the parent company of REGS because REGS has suggested it has substantial financial burdens separate from this case.

A Scheduling Order was entered on August 6, 2010, and a September 10, 2010 deadline for joinder of parties and amendment of pleadings was proposed by the parties. (Doc. # 8, ¶ 9). Any amendments to the Scheduling Order may be permitted "only upon a showing of good cause." (Doc. # 8, ¶ 13). Mr. Fuller asserts that he did not learn of the dire financial situation of REGS until it sent its settlement statement on November 4, 2010, and provided further information during the settlement conference on November 9, 2010. (Doc. # 20, p. 2). Concerned that REGS will be unable to satisfy

---

[1] Despite the court's order (Doc. # 2), no proof of service on Defendant Rios has been filed by Plaintiff, and to date, Defendant Rios has not appeared in the case.

any judgment entered against it, Mr. Fuller seeks to add Strategic Environmental & Energy Resources, Inc. (SEER) as a defendant pursuant to the "integrated enterprise" or "single-employer" test. (Doc. # 20, p. 3). REGS is a subsidiary of SEER. (Doc. # 36, p. 5). REGS contends SEER does not qualify as a single-employer of Mr. Fuller, and therefore, Mr. Fuller's Motion to Amend to add SEER is futile and impermissible under Fed. R. Civ. P. 15(a)(2).

II.   Analysis

Because Mr. Fuller is seeking to amend after the September 10, 2010 deadline for joinder and amendment, the court must first look to Rule 6: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: ... (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6. Mr. Fuller's Motion for Leave to Amend was filed November 22, 2010. Neither party addresses whether Mr. Fuller shows excusable neglect for untimely filing his Motion.

The Tenth Circuit has held that a finding of excusable neglect under Rule 6(b) requires both a demonstration of good faith by the party seeking the enlargement and a finding that there was a reasonable basis for not complying within the specified period. *See In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290-91 (10th Cir. 1974) (finding no error in enlarging time under Rule 6(b) in the absence of any showing of bad faith or prejudice).

> The Supreme Court has recently elaborated on the meaning of "excusable neglect," in the context of the courts' discretionary powers to excuse certain failures. "Congress plainly contemplated that the courts *would be permitted*, where appropriate, to accept late filings caused by

3

> inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993) (emphasis supplied). To determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. Control over the circumstances of the delay is "the most important single ... factor ... in determining whether neglect is excusable." *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

*Stringfellow v. Brown*, 1997 WL 8856 at * 1 (10th Cir. Jan 10, 1997). Excusable neglect is a higher standard than the good cause required to modify a scheduling order under Rule 16(b)(4).

Plaintiff's Motion does not address excusable neglect, but does argue there is good cause for modifying the scheduling order. REGS addresses neither. Mr. Fuller argues he had no reason to investigate and no cause to appreciate the significance of any connection between REGS and SEER until the settlement conference on November 9, 2010, when REGS intimated it might be found insolvent upon an attempt to collect a judgment. This information was provided to Plaintiff's counsel after the deadline for amending the Complaint and was not something that Plaintiff's counsel should have anticipated. Because this new information is an intervening circumstance beyond Plaintiff's control, and because there is no prejudice to Defendants, I find excusable neglect.

The court next determines whether amendment should be allowed. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Judges have broad discretion in granting leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). The Rule's purpose is to provide litigants "the maximum

4

opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (*citing Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  Refusing leave based on "futility of amendment" is within the court's discretion.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  "If a party opposes a motion to amend or to supplement on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Conkleton v. Zavaras,* 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010).  REGS argues Mr. Fuller's proposed amendment to add SEER is futile because SEER would not meet the "single-employer" test required to find it vicariously liable for its subsidiary REGS.

In exercising its discretion under Rule 15(a), the court must also be guided by pragmatism and efficiency.  The ultimate question is whether SEER is liable for actions of REGS.  "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting."  *General Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse").  Denying the Motion on grounds of futility here would convert this motion into a dispositive motion, requiring a recommendation and inevitably resulting in the filing of objections pursuant to Fed. R. Civ. P. 72(b).  I express no opinion on whether SEER would be found a single-employer of Mr. Fuller based only on the allegations in the current briefs.  That matter is better addressed in a motion to dismiss or motion for

summary judgment, not here in the context of Rule 15(a).  The interests of justice are better served by granting Mr. Fuller's Motion.  Accordingly,

    IT IS ORDERED that:

    1.    Plaintiff's Motion for Leave to Amend Complaint (filed November 22, 2010) (Doc. # 20) is GRANTED.

    2.    On or before Friday, April 8, 2011, Plaintiff shall file with the court a corrected Amended Complaint to reflect the proper Defendants in the caption.

    DATED at Denver, Colorado, this 31st day of March, 2011.

                                      BY THE COURT:

                                      s/Craig B. Shaffer
                                      United States Magistrate Judge